IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE A. CORTEZ, #R46729,    Plaintiff, v. M. SUWALLS, LOU, C. MCGUIRE, KAREN HIGHT, MAJOR COX, MRS. HOUSTON, M. HENDRIGE HICKS, KAREN ELDER, MRS. ADAMS, PENNY GEORG, C/O BRANNET, C/O GURLEY, C/O GURLY, LTNT HAINER, LTNT TENDER, C/O REED, LAWLESS, and LTNT DAVIS,    Defendants. | Case No. 20-cv-00147-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jose Cortez brings this civil action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 ("ADA") for events that occurred while incarcerated at Vienna Correctional Center ("Vienna"). He claims that he was denied adequate accommodation under the ADA and suffered from cruel and unusual punishment when he was forced to climb stairs to attend Adult Basic Education on the

second floor of Vienna. Cortez is seeking declaratory, injunctive, and monetary relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### COMPLAINT

Cortez alleges the following: He uses prosthetic heels and a walker. The fibular bone of his left leg is damaged, he has limited range of motion in his knee, and he is in need of surgeries. (Doc. 1, p. 6). On May 1, 2017, Defendant McGuire forced Cortez to sign a contract and attend Adult Basic Education ("ABE") school, which was on the second floor of Vienna. (*Id.*). Cortez explained to McGuire that he cannot climb stairs due to his physical condition and showed McGuire his low housing permits. (Doc. 1, p. 6). McGuire told Cortez that he would be exempted from attending only if he provided a note from a doctor. (*Id.*). On October 13, 2017, Cortez saw Dr. David at sick call and told him about his situation. Dr. David called Defendant Suwalls, the chief administrative officer, and recommended that Cortez should not be going up and down stairs. (*Id.*). Dr. David also issued an "unable to climb stairs" permit. Suwalls refused to exempt Cortez

---

[1] At the time of filing, Cortez was incarcerated, and thus subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *See* 28 U.S.C. § 1915A(c).

from attending ABE. Cortez also informed Defendant Lou but nothing was done. For over six months, Cortez had to walk up and down stairs causing him pain and suffering. (*Id.*). McGuire continued to harass Cortez and wrote him five tickets.

On July 9, 2017, Cortez slipped in a flooded hallway, causing further injuries. (*Id.*).

## PRELIMINARY DISMISSALS

Several of the defendants are mentioned in the grievances, responses, and letters attached to the Complaint as exhibits but not in the statement of claim. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual, and the Court will not search through the 126 pages of exhibits to piece together Cortez's claims. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991). Because Cortez makes no allegations against the following Defendants in the statement of claim, they shall be dismissed from this action without prejudice:   Hight, Cox, Houston, Hicks, Elder, Adams, Georg, Brannet, Gurley, Gurly, Hainer, Tender, Reed, Lawless, and Davis.

The Court will also dismiss any claims Cortez is attempting to bring regarding falling on water on July 9, 2017, as this claim is not asserted against a named defendant.

DISCUSSION

Based on the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Suwalls, Lou, and McGuire for forcing Cortez to daily climb stairs to attend Adult Basic Education on the second floor of Vienna for six months.

**Count 2:** Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA")[2] claim against Suwalls, Lou, and McGuire for forcing Cortez to daily climb stairs to attend Adult Basic Education on the second floor of Vienna for six months.

**Count 3:** Eighth Amendment claim against McGuire for harassing Cortez.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the Twombly pleading standard.**[3]

Count 1

Cortez adequately states an Eighth Amendment claim against Suwalls, Lou, and McGuire for forcing him to daily climb stairs to attend Adult Basic Education on the second floor of Vienna despite Cortez's medical conditions and recommendations from a medical doctor. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) ( "Prison officials

---

[2] Cortez does not mention the Rehabilitation Act, 29 U.S.C. § 794(a), in his Complaint, but the Seventh Circuit has cautioned that claims of discrimination on account of a disability, especially those from a *pro se prisoner* litigants, should be analyzed by the district court in light of both the ADA and RA, whether or not the plaintiff has assert a claim under the latter statute. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012).
[3] *Twombly*, 550 U.S. at 570 (2007).

violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs."). Count 1 survives preliminary review.

## Count 2

Under the ADA, "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The RA also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and RA is the same, except that the RA includes as an additional requirement, the receipt of federal funds, which all states accept for their prisons. *Jaros v. Ill. Dep't of Corr.*, 685 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). Under both statutes, discrimination includes the failure to accommodate a disability. *Jaros,* 684 F.3d at 672 (citation omitted).

Here, Cortez has alleged that he suffers from physical disabilities, relies on a walker for mobility, and that the prison did not accommodate that disability, but forced him to climb stairs every day to attend educational classes, resulting in pain and suffering. These allegations are sufficient to articulate a colorable ADA and RA claim. Although Cortez is no longer incarcerated (*see* Doc. 11) and cannot seek injunctive relief, compensatory damages may still be available to him, and so, the Court will not dismiss his ADA or RA claims at this time. *See Wilke v. Cole,* 630 F. App'x 615, 619-20 (7th Cir. 2015); *Lacy v. Cook Cty., Ill.,* 897 F.3d 847, 862-63 (7th Cir. 2018).

Furthermore, because the proper defendant in a claim under the ADA and RA is the state agency, *see* 29 U.S.C. § 749(b); 42 U.S.C. § 12131(1)(b), the Court will add the

Director of IDOC, Rob Jeffreys, in his official capacity as a defendant, and dismiss Suwalls, Lou, and McGuire from Count 1. *See Jaros,* 684 F. 3d at 670, n. 2.

**Count 3**

Verbal harassment may support an Eighth Amendment claim when it is directed at the plaintiff, accompanied by actions suggesting that it is not merely fleeting, and causes the plaintiff psychological pain. *Beal v. Foster,* 803 F.3d 356, 358 (7th Cir. 2015). Cortez's general assertion that McGuire kept harassing him and wrote him five disciplinary tickets is too vague to support an actionable harassment claim. It is not clear what conduct McGuire engaged in that Cortez deemed harassment or how the "tickets" violated his constitutional rights or caused him psychological pain. Accordingly, Count 3 will be dismissed.

### MOTION FOR RECRUITMENT OF COUNSEL

Cortez has filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED** at this time.[4] Cortez does not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own. He merely states that he has written letters and contacted family members. Because he has not made this showing, the Court finds that Cortez has not made a reasonable attempt to find counsel. Should he choose to move for recruitment of counsel at a later date, the Court directs Cortez to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three

---

[4] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

For the reasons stated above, the Court finds that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** will proceed against Suwalls, Lou, and McGuire. **Count 2** will proceed against **Rob Jeffreys,** but is dismissed as to Suwalls, Lou, and McGuire. **Count 3** is **DISMISSED without prejudice.** The Clerk of the Court is **DIRECTED** to **ADD** Rob Jeffreys to the docket as a defendant, in his official capacity only. Defendants Hight, Cox, Houston, Hicks, Elder, Adams, Georg, Brannet, Gurley, Gurly, Hainer, Tender, Reed, Lawless, and Davis are **DISMISSED without prejudice.** The Clerk of Court shall **TERMINATE** them as defendants in this action.

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice.**

The Clerk of Court shall prepare for Defendants **Suwalls, Lou, McGuire,** and **Wills** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Cortez. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Cortez, the

employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Cortez, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Cortez is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:   August 17, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days or more**. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Cortez is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Cortez need not submit any evidence to the Court at this time, unless specifically directed to do so.